# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00271-CR

---

**Johnny Lee Turner, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
NO. 20-1067-K368,
THE HONORABLE SARAH SOELDNER BRUCHMILLER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Johnny Lee Turner, Jr. pleaded guilty pursuant to a plea bargain to evading arrest with a vehicle. *See* Tex. Penal Code § 38.04(b)(2)(A). The district court accepted his plea and placed him on deferred-adjudication community supervision for a period of eight years. The State subsequently moved to adjudicate his guilt, alleging that he had violated the terms and conditions of his community supervision. Following a hearing, the district court found all but one of the six alleged violations to be true, revoked Turner's community supervision, adjudged him guilty of evading arrest with a vehicle, and sentenced him to four years' confinement.

Turner's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744 (1967); *Garner v. State*,

300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988). Turner's counsel has also certified to the Court that he sent copies of the motion and brief to Turner; informed him of his right to examine the appellate record and file a pro se response; and provided him with a motion to assist him in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. To date, no pro se response has been filed.

Turner's community-supervision conditions required that he commit no offense against the laws of Texas, that he abstain from using THC and other narcotics without a doctor's prescription, that he perform community service at a rate of "no less than 8 hours per month," that he complete a cognitive-based education program as directed by his supervising officer and pay any associated costs, and that he attend weekly "recovery support group meetings" and provide documentation of his attendance. The State's motion to adjudicate Turner's guilt alleged violations of each of these conditions, including that he "was arrested and/or charged with a new offense of Evading Arrest" and that he used THC without a doctor's prescription on or about September 24, 2024.

During the hearing on the motion to adjudicate, the district court heard evidence that Turner fled from Austin Police Department Detective David Freston on September 17, 2024. Detective Freston—whose dash- and body-cam videos were admitted into evidence—testified that he had been on patrol in a marked squad car and a uniform when he observed Turner commit traffic violations. Believing that Turner was possibly intoxicated, the detective followed him until he abruptly parked, got out of his vehicle, and started walking away while looking over his shoulder. Detective Freston activated his overhead emergency lights but exited his squad car after losing sight of Turner. He then saw Turner running away and shouted multiple times, "Austin Police,

2

Stop" while pursuing him on foot. After Turner tripped and fell to the ground, he was arrested for evading arrest on foot.

The court heard evidence of further violations from Alejandra Ramos, Turner's probation officer. Ramos testified that Turner failed a urinalysis drug test on September 24, 2024, when he tested positive for THC, which he admitted to using on that date. According to Ramos, Turner would skip months of community service, repeatedly failed to meet his weekly quotas, and had a balance of 100 community-service hours remaining as of August 2024. She testified that he likewise failed to provide her with the required completion certificate for the education program, that he did not enroll in a recovery self-help group, and that he did not return a signed attendance sheet for the group to her. An October 7, 2024 compliance progress report, which was signed by Ramos and which reflected her testimony, was admitted into evidence.

Turner also testified and admitted to violating his community-supervision conditions. He testified that he quit using drugs after the positive September 24 drug test using skills he had learned in the education program, for which he admitted he had not paid for the certificate. He testified that he did not understand why he had to attend self-help meetings but that he "did some of them." Asked why he had not completed his community-service hours, he testified, "I ain't going to make no excuses. I guess I could just do better. But . . . I just let it slip a little bit." And, regarding his arrest on September 17, he explained that he had not been "really trying to run away" but had "started to run at some point" and had stopped when he realized he was making a mistake. He admitted that he had made "a few mistakes."

We have conducted an independent review of the record, including the record of the revocation proceeding below and appellate counsel's brief, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27

3

(Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and that the appeal is frivolous.

Counsel's motion to withdraw is granted. The district court's judgment adjudicating guilt is affirmed.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Affirmed

Filed: July 14, 2026

Do Not Publish